**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **SHEILA JANETTE SELLERS, xxx-xx-3032** | ) | **Case No. _____** |
| | ) | **CHAPTER 13** |
| 108 Hughes Ave. | ) | |
| Hugo, OK 74743 | ) | |
| | ) | |
| **Debtor.** | ) | |

## CHAPTER 13 PLAN

**NOTICE TO CREDITORS: YOU SHOULD READ THIS PLAN. EACH PARAGRAPH CONTAINS INFORMATION AND TERMS WHICH MAY AFFECT YOUR RIGHTS, INCLUDING YOUR RIGHT TO PAYMENT OF YOUR CLAIM AND RETENTION OF YOUR LIEN RIGHTS OR SECURITY INTEREST. FAILURE TO OBJECT TO CONFIRMATION OF THIS PLAN OR FAILURE TO TIMELY FILE A PROOF OF CLAIM MAY RESULT IN THE LOSS OF YOUR SECURITY INTEREST OR RIGHT TO PAYMENT. YOU SHOULD CONSULT AN ATTORNEY FOR LEGAL ADVICE.**

**SECTION 1: DEFINITIONS**

A. All definitions as used in the Code, F.R.B.P., F.R.C.P. and the L.R.B.P. shall be applicable to this plan except where specifically altered herein.

B. Trustee is William Mark Bonney, Standing Chapter 13 Trustee for the Eastern District of Oklahoma, or his successor and Office of the Trustee is the entity which the Trustee operates to fulfill his duties. The terms may be used interchangeably.

C. Code shall mean 11 U.S.C. §101 et seq.

D. Plan Term shall mean the number of expected months for the duration of the plan beginning in month one.

E. Plan Payments shall mean the monies to be paid by the Debtor(s) to the Office of the Trustee.

F. Distributions shall be the monies to be paid by the Office of the Trustee or the Debtor(s) to creditors.

G. Distribution Date shall mean the date upon which the Office of the Trustee makes disbursements. Generally on or about the first of each month.

H. Continuing Payment shall mean the regular monthly payment due on a non-dischargeable long term debt.

I. Start Date is the date the Voluntary Petition is filed under Chapter 13 if the case is originally filed under Chapter 13 or the date the case is converted to Chapter 13 if the case is originally filed under any chapter other than Chapter 13.

J. Start Payment Date is thirty (30) days after the Start Date.

K. Beginning Month is the first month after the Start Payment Date.

1

L. Final Plan Payment is the payment from the Debtor(s) that provides sufficient funds, together will all prior plan payments less any Debtor Refunds, to permit the Trustee to fully pay the allowed Class I, II.B., III, IV.A., IV.B., V and VI claims and to pay to allowed Class IV.C. claims the amounts required under the provisions of said Class IV.C.

M. Completion Date is the date the Trustee makes the final disbursement from the Debtor(s)' Final Plan Payment.

N. Form 22C shall be the Official Bankruptcy Form B22C as in effect on the date the Voluntary Petition is filed, which calculates Current Monthly Income.

O. Line 59 is the Line 59 to the Official Bankruptcy Form 22C in effect on January 1, 2008, or the similar line of the Form 22C defined above.

P. Chapter 7 Liquidation Amount is the amount that is required to be paid to allowed non-priority unsecured claims under 11 U.S.C §1325(a)(4). This amount shall be determined as the total of payments over the plan term that equals the present value that would be available for distributions to non-priority unsecured creditors under 11 U.S.C. §726(a)(2)(A) without regard to tardily filed claims even if such tardily filed claim(s) were allowed.

Q. Disposable Income to Unsecured Creditors Amount is the amount that is required to be paid to non-priority unsecured creditors pursuant to 11 U.S.C. §1325(b)(1)(B). This amount shall be determined by multiplying the amount on Line 59 of the Form 22C by the Applicable Commitment Period. In determining this amount the Debtor(s) shall be permitted to deduct the approved attorney fees for Debtor(s)' Counsel as a priority debt on Form 22C.

R. Non-Exempt Property is all property of the Debtor and of the Estate for which the Debtor would not be permitted to exempt if a timely objection to exemption were filed regardless of whether any such objection to exemption is actually filed.

S. Payment Address is the address designated on an allowed claim or in a request for administrative expense by any creditor for receipt of distributions under the plan. In the absence of any designation by a creditor in an allowed claim or Request for Payment of Administrative Expense, the payment address shall be the address listed on the Court's Claims Register.

T. Plan is the Chapter 13 Plan and any Amended or Modified Plan.

U. Summary of Plan is the one page summary that provides all of the payment and distribution information.

V. Allowed Secured Claim shall be the amount claimed secured by any creditor in its first filed proof of claim except where the Court enters an order pursuant to 11 U.S.C. §506.

W. Allowed Pre-petition Arrearage Claim shall be the amount claimed as pre-petition arrears by the holder of a continuing debt in its first filed claim which sets forth an amount of pre-petition arrears.

X. Allowed Post-petition Arrearage Claim shall be the amount set forth by a holder of a continuing debt in any claim filed on or before thirty (30) days after the filing of the first Notice of Completion of Plan Payments by the Trustee provided such arrears do not add any arrears for a period covered by a previously filed claim and further provided that such claim may provide for any post-petition arrears incurred within thirteen (13) months of the date of filing of such claim.

**SECTION 2: PLAN TERM, PAYMENTS, COMMITMENT PERIOD, AMOUNT TO**

2

**UNSECURED CREDITORS, CONSOLIDATION and PROPERTY OF THE ESTATE.**
**11 U.S.C. §§302(b), 1322(a)(1) and (d), 1325(a)(4), (b)(1)(B) and (b)(4) and 1326(a)(1).**

**Plan Term and Payment:** The plan term and payments are set forth in the Summary of Plan. The Summary of Plan sets forth the monthly distributions by month number and month one (1) is the Beginning Month. The Debtor(s) shall fully pay their first plan payment by the Start Date and shall make payments on or before said date in each subsequent month of the plan. The plan payments are set forth in the Summary of Plan. Should the Debtor(s) receive permission from the Court to sell any property, the Debtor(s) shall turn over to the Trustee the non-exempt portion of the proceeds and any such funds shall be applied to the plan payments but such proceeds shall only be distributed to Class IV claims until Class IV.C. claims have received the amounts required to be paid to said class under the plan. Regardless of the stated plan term, the plan shall be complete and the Debtor(s) may request a discharge upon filing by the Trustee of a Notice of Completion of Plan Payments. The Trustee shall file the Notice of Completion of Plan Payments as soon as practicable after the Completion Date. Plan payments shall cease upon filing of the Notice of Completion of Plan Payments by the Trustee unless the Court orders the withdrawal of the Notice of Completion of Plan Payments.

**Additional Plan Payments:** If the Debtor(s) fail to schedule any non-exempt property, then the Debtor(s) shall make additional plan payments equal to the value of the non-exempt property as of the petition date.

**Modification of Plan:** If the plan payments as proposed in the Summary of Plan are not sufficient to pay the allowed Class I, II, III, IV, V and VI claims as required by this plan or if an allowed claim filed after the claims bar date makes the plan no longer feasible, the Debtor(s) shall file a Modified Plan to pay said claims. The Debtor(s) may file a Post-Confirmation Modified Plan at any time. The Debtor(s) retain the ability to surrender any property which secures a debt of a creditor to said creditor during the administration of this plan by filing a Modified Post-Confirmation Plan and Motion to Modify the Plan if the Debtor deems it in the Debtor(s)' best interest to surrender said property. The Trustee or the holder of an unsecured claim may file a Post-Confirmation Modified Plan at any time prior to the Final Payment Date.

**Confirmation of Plan Determines Eligibility and Satisfaction of 11 U.S.C. §§109, 521(a)(1), (e)(2) and 1308(a).** Confirmation of the Plan constitutes a finding that the Debtor(s) are eligible to file Chapter 13, that the case was not automatically dismissed pursuant to 11 U.S.C. §521(i) and that the Debtor(s) have complied with 11 U.S.C. §1308(a).

**Conversion and Dismissal.** The Debtor(s) may not convert their case to Chapter 13 after the case has been converted to another chapter pursuant to 11 U.S.C. §1307.

**Consolidation of Estates in a Joint Case:** If this case is a joint case then confirmation of the plan shall operate to consolidate the estates under 11 U.S.C. §302(b).

**The following provisions govern claims and creditors.**

1.   All debts and claims are provided for by the Plan. The Plan does not alter the terms of any agreement described in 11 U.S.C. §362(b)(19) and any such amounts required to be paid by the Debtor(s) shall continue to be paid as provided by such agreement.

2.   The provisions of this Plan, upon confirmation, bind each creditor whether or not such creditor has objected to, has accepted, or has rejected the plan. Confirmation of the Plan or any Order respecting a creditor's secured or unsecured claim shall not prohibit the Debtor(s) or the Trustee from filing any action against said creditor as set forth in Paragraph 11 below.

3.   The Plan does not provide for treatment to any creditor that is contrary to law. The Plan does provide to for treatment to creditors that may be consistent with any majority or minority view of unsettled law. It is the intention of this plan to resolve any such issue through confirmation of this plan.

4.   Holders of a pre-petition arrearage owed for a domestic support obligation may not take any action to collect said arrearage except through filing a proof of claim and receiving payment as provided for by this plan.

5.   With respect to any debt, other than a debt provided to be paid directly by the Debtor(s), all creditors are prohibited from taking any action to collect their debt from the Debtor(s), the Debtor(s)' property or property of the estate.

6.   Creditors filing claims after the claims bar date must attach a statement to their proof of claim setting forth 1) the address to which notice was provided by the Debtor and/or the Court; 2) the address which, if used, would have provided effective notice; and, 3) the date notice was brought to the attention of the creditor. Creditors who are not scheduled and do not receive effective notice in time to file a timely claim may, at the option of the creditor, file a claim and have it allowed to the extent it would not require the Trustee to recoup payment from other Creditors, or, not file a claim in which case their debt shall not be subject to the Chapter 13 Discharge. Provided, however, that any such creditor may not take any act to collect its debt against property of the estate, property of the Debtor(s) or income used to fund the plan payments after effective notice of the bankruptcy until such time as the case is closed or dismissed.

7.   Late filed claims are deemed allowed until the Court enters an order, upon filing of an Objection to the claim by a party in interest, disallowing the claim. The Trustee may, but shall not be required to recoup or recover any funds paid to a creditor by the Trustee prior to entry of an order disallowing the claim. The Court may consider any claim and whether to allow or disallow said claim in whole or in part upon filing of a proper pleading by the Debtor(s) or the Trustee at any time prior to closing the case. An objection to a claim or an Adversary Proceeding to determine the validity, extent or priority of any lien may be brought at any time and the Debtor shall be permitted to reopen this case after this case has been closed to file said Objection or Adversary Proceeding. The provisions of this plan shall be binding upon any creditor in any hearing on a Modified Plan or in any Adversary Proceeding filed after the Plan is confirmed.

4

8.    The provisions of contract(s) with creditors are incorporated except that any Arbitration provision is void and unenforceable and any provision of this Plan shall supercede any provision of any contract to the extent the Plan is inconsistent with the contract.

9.    Upon dismissal, conversion to Chapter 7 or entry of an order for relief from the stay the pre-petition repayment terms are reinstated.

10.   All notices may be sent to the address of the creditor as shown on the then current Court matrix or to the attorney for the creditor.

11.   Amounts set forth in this Plan are good faith estimates for purposes of confirmation. Where the Trustee is to make distributions, the Trustee may pay the allowed claim(s) in full and may recalculate the equal monthly payments except for Class I.B. or Class III claims, which shall be paid only as provided for by the Summary of Plan.

12.   The Debtor(s) or Trustee may file any action for affirmative relief or recovery, for setoff or recoupment, or may raise any affirmative defense permitted under applicable law (Federal or State) against any creditor based upon any pre-petition cause of action that the Debtor may have against said creditor and that the Debtor(s) have listed on any Schedules or Amended Schedules. The Debtor(s) or the Trustee may file any action or seek any recovery permitted under 11 U.S.C. §§362(k) or seek any recovery under Sections 542 through 553 inclusive (hereinafter "Title 11 actions"). The Debtor(s) or the Trustee may file an adversary proceeding based in whole or part on any post-petition action by the creditor that gives rise to a cause of action in favor of the Debtor(s) or the estate.  An action for affirmative recovery, setoff or recoupment may be filed before the later of two years from the date of the petition or the expiration of the applicable statute of limitations. The Debtor(s)' Attorney may represent the Debtor(s) in any such action. The Debtor(s)' Attorney may represent the estate, with the consent of the Trustee and upon Application to the Court. The Debtor(s) or the Trustee shall seek Court approval of any settlement. Unless the Court orders otherwise, any recovery shall be disbursed as follows: First, to costs of the action; second, to the Attorney for the Debtor(s) or the Attorney(s) for the Estate in such amounts as are approved by the Court; third, to the Debtor(s) in such amounts as are approved by the Court; fourth, to the Trustee in an amount not to exceed that necessary to complete the payments, including additional payments, under the plan; and, fifth, to the Debtor(s).

13.   The Debtor(s) shall be deemed to have opted out of any class action lawsuit without further notice or compliance with the procedure set forth by the Class Action Court unless relief is first obtained from this Court. Provided, however, only as respects any scheduled property which revests in the Debtor(s), if the Debtor(s) accept the benefits of class action settlement then they shall be bound by such settlement.

14.   Nothing contained herein shall be construed to provide rights of collection against a Debtor in excess of the rights such creditor held against such Debtor pre-petition.

15.   Creditors waive the right to payment of any amounts disallowed by the Court and shall credit the debtors account for the amount disallowed upon entry of the order disallowing

the all or part of a claim.

16.    Claims filed by creditors shall be signed by an authorized agent or employee and shall contain a phone number which phone number shall permit the caller reasonable access to the person whose signature appears on the claim.

**The following provisions govern property of the estate and the post-petition actions of the Debtor:**

1.    All fully and partially non-exempt property of the estate under 11 U.S.C. §§541 and 1306 which has been scheduled by the Debtor(s) and proposed in the plan to be retained by the Debtor(s) shall not vest in the Debtor(s) upon confirmation but shall remain property of the estate. Property which is fully exempt shall revest in the Debtor on the day after the last day to file an objection as provided by F.R.B.P. 4003 but such re-vesting shall not limit any party in interest's right to object to such exemption within the time period permitted by F.R.B.P. 4003. All property proposed to be surrendered shall remain property of the estate until abandoned by the Trustee or Order of the Court. In no event shall the Trustee have a duty to insure or protect any property and shall have no obligations to any third parties. The Debtor(s) shall have exclusive control of property of the estate and of property vested in the Debtor(s). Property not scheduled shall remain property of the estate until abandoned by the Trustee and a case may be reopened to administer such property if there would be a benefit of unsecured creditors. **The Debtors shall be allowed to keep any and all income tax refunds which the Debtors may be entitled to receive during the pendency of this case or during the term of Debtors' Plan, UNLESS the Debtors are delinquent on the payment of any of their Plan payments, or any part thereof, to the Office of the Chapter 13 Trustee, and in which case the Debtors shall turnover to the Office of the Chapter 13 Trustee the amount necessary to cure the Plan payment delinquency.**

2.    Property of the estate under 11 U.S.C. §348(f)(2) shall include all non-exempt property of the Debtor(s) or of the estate.

3.    The Debtor(s) shall make sufficient estimated tax payments and/or have sufficient amounts withheld to satisfy all post-petition tax liabilities. The Debtor(s) shall file with the Court or provide to the Trustee a copy of the Debtor(s)' federal and state tax returns at the same time as filed, but in any event no later than May 1, for each year the case is pending unless the Trustee agrees in writing to an extension. Only where requested by a party in interest, the Debtor(s) shall have complied with 11 U.S.C.§521(f)(4) if they file the required statements by June 15th of any year of the plan where such statements are requested or within 60 days of such request.

4.    The Debtor(s) are prohibited from incurring any debts without prior approval of the Court or agreement by the Trustee, except such debts as may be necessary for emergency medical or hospital care.

5.    The Debtor(s) may seek authority from the Court pursuant to 11 U.S.C. §363 to use, sell, assign or transfer scheduled property of the estate for a fair and reasonable value upon

6

notice and opportunity for hearing provided that personally identifiable information is protected as required by 11 U.S.C. §363 and further that all professionals are employed by the Court. For any and all sales of the non-exempt property, the sale proceeds shall be turned over to the Trustee.

6. The Office of the Trustee may refund money to the Debtor(s) at any time at the discretion of the Trustee provided that the amount refunded on the date of the refund does not exceed the total received by the Trustee less the amount expected to be received as of such date and further less any previous refunds to the Debtor(s).

**SECTION 3.  Classification and Treatment of Claims (11 U.S.C. §§1322 and 1325).**

**CLASS I: Claims provided for under 11 U.S.C. §1325(a)(5).**

Class I Claims are the claims of creditors who possess a security interest in property where such claim(s) shall be fully satisfied through distributions from the Trustee, payments from person(s) other than the Debtor(s) and/or surrender of collateral. All debts provided for in Class I shall be discharged upon entry of a discharge under Title 11 unless such creditor obtains an Order Denying the Dischargeability of its debt(s). The holder(s) of a Class I.A or I.B Claims shall retain their liens securing any such claims until the earlier of the payment of the underlying debt determined under applicable non-bankruptcy law or the entry of a discharge under 11 U.S.C. §1328 and such holders shall be deemed to be adequately protected by the distributions set forth on the Summary of Plan while the case is pending. If the case is dismissed or converted without completion of the plan, such lien shall be retained by such holder to the extent recognized by applicable non-bankruptcy law. Distributions to creditors as set forth on the Summary of Plan shall be reduced by the amounts paid to the creditor(s) by the Trustee as provided by General Order #50 issued October 14, 2005.

A creditor may not seek to alter its Allowed Secured Claim once established. Class I claims may not be amended to increase the unsecured portion of such claim by also reducing the secured portion of the claim. As to all secured claims, creditors waive the right to receive any and all contractual payments due during the plan term to such creditor on any un-filed secured claim(s) and every such creditor shall credit the Debtor(s)' account as if all such contractually due payments had been made. Upon entry of a Discharge, any such creditor shall be required to release its lien upon the property where such waived payments would have fully paid the debt under applicable non-bankruptcy law.

**CLASS I.A. Distributions pay the value of the allowed amount of the claim.**

Class I.A. claims are estimated for purposes of confirmation. Class I.A. claims shall be paid deferred cash payments equal to the value of the allowed secured claim through interest which shall begin to accrue upon confirmation of the plan. The Trustee shall pay from plan payments received by the Debtor(s) the allowed secured claim and may increase or decrease the equal monthly amount of the payment in order to pay the value of the allowed secured claims over the expected term of the plan. Creditors whose claim(s) are provided for under Class I.A. shall release their lien(s) upon entry of a discharge under 11 U.S.C. §1328(a).

7

**CLASS I.B. Creditor accepts distributions provided by the Summary of Plan in satisfaction of its lien rights.**

Class I.B. Claims are the allowed claims to which §506 does not apply pursuant to the paragraph after 11 U.S.C. §1325(a)(9) and for which the plan does not propose to pay in full. The Trustee shall pay from plan payments received by the Debtor(s) Class I.B. claims only the amounts stated in the Summary of Plan where such amount is less than the allowed secured claim. Should any such creditor be determined to have rejected such treatment or should the Order deeming acceptance be determined to not be binding then such creditor shall receive the payments provided for in the Summary of Plan and 30 days after the filing of a Notice of Completion of Plan Payments by the Trustee the Debtor(s) shall surrender the collateral to the creditor. Should the Debtor(s) fail to surrender the collateral by such date the Creditor shall be entitled to pursue its nonbankruptcy law *in rem* rights.

**CLASS I.C. Secured claims which will not receive a distribution.**

Class I.C. Claims shall be all claims provided for in said Class by the Summary of Plan or any allowed claim where the creditor asserts an interest in property and such claim is not provided for elsewhere in Classes I, II, III, IV, V or VI. Any property which has been scheduled by the Debtor(s) and is claimed as collateral by any creditor in its Class I.C. claim shall be surrendered in satisfaction of the allowed secured claim (as defined above). With respect to any collateral that is property of the estate the Creditor may prepare a Notice of Abandonment. The Trustee may execute and file the Notice of Abandonment upon such conditions as the Trustee may require. All property proposed to be surrendered shall continue to be subject to any avoidance powers of the Trustee until abandoned by the Trustee. No sooner than 30 days after entry of the confirmation order and after notice to the Trustee and to the Creditor, the Debtor(s) may have an unrelated third party store any property proposed to be surrendered and the creditor shall be responsible for all charges. Any co-owner(s), owner(s) and/or person(s) in possession of the collateral securing a Class I.C. Claim shall be permitted to retain the collateral provided such co-owner(s), owner(s) and/or person(s) in possession comply with the contractual obligations to the creditor(s). Where there is a non-bankrupt co-debtor, the Class I.C. allowed secured claim(s) of the creditor(s) shall be satisfied by the security interest in the property and/or payment from the co-owner(s), owner(s) and/or person(s) in possession and the Trustee shall make no distribution on any Class I.C. Claim. The holders of Class I.C. Claims shall retain their liens until terminated under applicable non-bankruptcy law.

**CLASS II: Claims provided for under 11 U.S.C. §1322(b)(5).**

Class II Claims are long term debts for which the default will be cured under Class II.B and/or the payments will be maintained until the filing of the Notice of Completion of Plan Payments. Class II claims are not discharged upon entry of a discharge and creditors holding Class II claims shall retain their liens under applicable non-bankruptcy law except that waiver and estoppel may apply to the creditor so that the debt shall be fully reinstated on the Completion Date. The balance due as of the Completion Date under the original amortization schedule shall be the amount remaining due by the Debtor(s) as of such date and the creditor shall have no right to declare a default based upon an event occurring before the filing of the Notice of Completion of

8

Plan Payments, failure of the creditor to receive a payment, failure of the creditor to receive a payment by the due date or failure to receive the amount due the creditor based upon the creditor's failure to assert its rights. Distributions to creditor(s) on their Class II claims as set forth on the Summary of Plan shall be reduced by the amounts paid, if any, to the creditor(s) by the Trustee as provided by General Order #50 issued October 14, 2005.

In the event the amount of the continuing payment changes due to changes in taxes or insurance, modification of a support order, changes in the interest rate pursuant to an adjustable rate agreement or for any other reason, then the creditor shall file with the Court an amended claim at least 25 days (30 days less 5 days for mailing or filing) prior to the effective date of the change and the Trustee shall pay the amount of the continuing payment set forth in the Creditor(s)' filing. The first continuing payment after the Start Date shall not be due earlier than the 10th day of the beginning month. The creditor shall be entitled to a post-petition arrearage claim as set forth in Class II.B below. Should the servicing function be transferred the creditor or its servicing agent shall file either an amended claim or a transfer of claim (as appropriate) to reflect the address where payments should be made and the account number which identifies such claim to such transferee/servicing agent. The Trustee and the Debtor shall be entitled to rely upon the filed claims for purposes of mailing payments and any payment mailed to such address shall be required to be accepted by such entity. It shall be the duty of such entity to promptly forward such payment to the proper transferee/ servicing agent in such a manner as to insure proper credit by the transferee/servicing agent. The Debtor(s) shall be given credit for the payment upon initial receipt by the claimant.

A creditor who is not a prevailing party to a Motion for Relief From Stay, a Motion to Abandon Property or a Motion for Adequate Protection by reason of said creditor's failure to appear at a duly noticed hearing may not add the attorneys fees and costs to the debt. If such a Motion is withdrawn by the creditor after determining that the Motion lacked evidentiary support then the creditor may not add the attorney's fees and costs to the debt. Any amounts paid the creditor to the Debtor(s), the Debtor(s)' Attorney, and/or the Trustee for improperly filing a Motion for Relief may not be added to the debt. Any Agreed Order on any such Motion shall contain a statement as to the amount of attorney fees and costs to be added to the debt. If the Trustee is the disbursing agent for the Class II.A. claim, and, if the Agreed Order does not grant immediate relief from the stay, then the creditor shall, within thirty (30) days thereafter, file an amended claim for the post-petition arrears or said fees and costs shall be waived. Upon entry of an unconditional order granting relief from the stay, the Trustee shall cease disbursements on any Class II claim.

**CLASS II.A. Maintenance of Payments.**

The Trustee shall pay from plan payments received by the Debtor(s) or the Debtor(s) shall pay directly, as set forth in the Summary of Plan, the allowed Class II.A. claims the continuing payments in the amounts set forth by the creditor during the actual term of the plan. In the absence of the creditor stating such an amount in allowed claim the creditor shall receive the amount set forth in the Summary of Plan. The Trustee shall designate such payments as "continuing" and the creditor shall apply such payments to the post-petition regular monthly

9

payments. The due date for the first post-petition payment shall be the month number indicated on the Summary of Plan.

If the Summary provides for Trustee distribution, the continuing payments shall be paid by the Trustee until the Trustee files a Notice of Completion of Plan Payments and thereafter the Debtor(s) shall be responsible for making said payments.

**CLASS II.B. Curing of the Default(s).**

Class II.B. arrearage are the amounts necessary to cure all pre-petition and post-petition defaults of Class II. Claims. The Trustee is authorized to pay the arrearage portion of an allowed Class II. claim and may recalculate the payments set forth in the Summary of Plan. A creditor holding an allowed Class II. claim which is provided to be paid by the Trustee shall have an allowed post-petition arrearage claim for an amount equal to one continuing payment in addition to the regular payments due from the beginning month to the month designated in the Summary of Plan as the month that continuing payments begin. The Trustee is authorized to pay the post-petition arrears whether or not claimed by the creditor and whether or not specifically shown on the Summary of Plan.

A creditor whose claim is not subject to the discharge under 11 U.S.C. §1328(a)(1) may assess or charge any fee or cost allowable or provided for in the contract, which amount is based upon a post-petition default or late payment from the start date to the final payment date only if such creditor files an amended claim. Provided further that any amended claim may not include charges incurred more than thirteen months prior to the filing of the amended claim and all such amended claims must be filed no later than thirty (30) days after the filing of the Notice of Completion of Plan payments. If the creditor fails to file any amended claim the pre-discharge escrow charges, fees, costs and other charges are waived and the creditor is estopped from claiming a right to payment of the same and the amount of the creditor's lien is reduced accordingly.

10

**CLASS III. Claims which shall be paid pursuant to the Summary of Plan.**

Class III claims shall be the claim so designated in the Summary of Plan. The Trustee shall pay Class III Claims only the amounts stated in the Summary of Plan.

**Class IV. Administrative Expenses and Unsecured Claims.**

Class IV.A. shall be all approved administrative expenses, Class IV.B. shall be all pre-petition priority claims and Class IV.C. shall be all non-priority unsecured claims, provided such claim(s) are not provided for in Classes II or III above.

**Class IV.A. Administrative Expenses allowed under 11 U.S.C. §503.**

The Trustee shall pay the allowed Class IV.A. administrative expenses from funds available each month after providing for the distributions due to each Class I, II, III and VI claim.

**Class IV.B. Priority Unsecured Claims.**

The Trustee shall pay all allowed Class IV.B claims from funds available after full payment of Class IV.A. expenses and after providing for the distributions due to each Class I, II, III and VI claim. Class IV.B claims for a Domestic Support Obligation shall be paid prior to other Class IV.B. claims.

**Class IV.C. Non-Priority Unsecured Claims.**

The Trustee shall pay to allowed Class IV.C claims their pro-rata percentage of total amount due, if any, to holders of allowed non-priority unsecured claims, but in no event shall the Trustee pay more than 100% of each allowed non-priority unsecured claim. The total amount due to holders of non-priority unsecured claims shall be determined as of the claims bar date by taking the greater of: 1) the Chapter 7 Liquidation Amount and subtracting the allowed amounts of all Class IV.A. expenses and IV.B. claims; or, 2) the Disposable Income to Unsecured Creditors Amount. All such amounts are set forth in the Summary of Plan. The Trustee shall pay the allowed Class IV.C. claims the required amounts from funds available after full payment of Class IV.A., IV.B. and V Claims and after providing for the distributions due to each Class I, II, III and VI Claim.

**CLASS V. Claims allowed under 11 U.S.C. §1305.**

Any creditor who files a claim that is allowed under 11 U.S.C. §1305 shall be paid in full the allowed amount of such claim by the Trustee the same as a Class IV.A. claim. A §1305 claim filed by either the Internal Revenue Service or the Oklahoma Tax Commission will be paid in full, and the Internal Revenue Service and/or the Oklahoma Tax Commission has the right to set off any post-petition tax overpayments against any post-petition tax liabilities.

**CLASS VI. EXECUTORY CONTRACTS. (11 U.S.C. §§365 and 1322(b)(7)).**

If executory contracts are assumed by the Debtor(s) then the provisions contained in the Summary of Plan shall meet the requirements of 11 U.S.C. §365. If payment to any creditor who claims to be party to any executory contract or lease is provided for under

11

Classes I.A. or I.B. above (including automobile service contracts and/or warranties) then the Debtor(s) assume the executory contract and, where applicable, exercise their purchase option. Payment of all sums due under the executory contract and/or the purchase option shall be deemed to be satisfied and paid upon filing by the Trustee of a Notice of Completion of Plan Payments and the Debtor shall own the property free of any lien or claim of the Creditor/Lessor. If payment to any such creditor is not provided for or provided for under I.C above then the Debtor(s) reject the executory contract. If there are no executory contracts shown in the Summary of Plan then there are no other executory contracts to assume or reject.

**Method of Distribution:**

The Trustee shall make distributions from plan payments:
a.    First, to Class II.A. claims in the amount of the continuing payments.
b.    Second, to Class I.A and I.B. claims in the amounts provided for in said classes.
c.    Third, to Class III claims in the amounts provided for in said class.
d.    Fourth, to Class VI claims in the amounts provided for in said class.
e.    Fifth, to Class II.B. claims in the amounts provided for in said class.
f.    Sixth, to Class IV.A. expenses until paid in full.
g.    Seventh, to Class IV.B. Domestic Support Obligation claims until paid in full.
h.    Eighth, to all remaining Class IV.B. claims until paid in full.
i.    Ninth, to Class IV.C. claims until paid the amounts required under said class.

**Special Rules Governing Disbursements:**

1.    The Trustee shall pay the monthly payment provided to the claims within each class.
2.    If insufficient funds are available to pay a full monthly payment(s) to all claims within a class then the Trustee shall hold the funds until such time as a full payment can be made.
3.    For each level of distributions above, the Trustee shall bring the payments current to the distribution date prior to making distributions to subsequent levels.
4.    Where a class has no fixed payments the Trustee shall make distributions pro-rata based upon the available funds.
5.    Where the Plan Payments received by the Trustee are equal to or less than the amount expected to be received as of the distribution date, available funds shall be calculated as all available funds excluding funds held for unfiled claims or claims with a pending objection.
6.    Where the Plan Payments received by the Trustee are greater than the amount expected to be received as of the distribution date, available funds shall be calculated as one full payment or multiples of payments.
7.    Non-exempt funds paid to the Trustee shall be disbursed to Class IV.C. claims until Class IV.C. claims are paid the amounts required to be paid under Class IV.C.
8.    Where the balance due on any claim is less than $1000.00 the Trustee may pay the claim in full prior to making distributions to lower levels even where a fixed

12

payment is otherwise provided for in the Summary of Plan for said claim.

9.    Where twelve or fewer months remain in the plan term the Trustee may fully pay any claim in the Trustee's discretion prior to payments on any other claim.

**SECTION 4: SIGNATURES OF DEBTORS AND COUNSEL.**
**11 U.S.C. §§1325(a)(3) and 1326(a)(2).**

**BY SIGNING BELOW YOU AFFIRM THAT YOU HAVE READ THIS PLAN AND SUMMARY AND HAVE BEEN PROVIDED WITH A COPY OF EACH. AS ATTORNEY FOR THE DEBTOR YOU AFFIRM THAT THIS PLAN DOES NOT ALTER THE LANGUAGE OF THE TRUSTEE'S PLAN FORM OF THE SAME DATE.**

/s/            Sheila J. Sellers
Debtor:      Sheila J. Sellers

Date:        08/20/2010

Respectfully submitted,

/s/            Jeff P. Herrick
          JEFF P. HERRICK, OBA #15255
          426 E. Wyandotte Ave.
          McAlester, OK 74501
          (918) 423-3232 – Telephone
          (918) 423-3238 – Facsimile
          ATTORNEY FOR DEBTOR

13

# Summary of Plan

Debtor(s):SELLERS, Sheila J.    Case No.    Dated:    8/26/2010    10-81525

| Class | Description of Collateral | Creditor | Amount of Secured Claim | Acct. No. | Interest Rate | Beg Mo | End Mo | Monthly Payment | Paid By Trustee/ Debtor | Total Mos Paid | Total Amt. Paid by Trustee |
|---|---|---|---|---|---|---|---|---|---|---|---|
| I.A. | 2006 Volkswagon Beetle | Volkswagon Credit | $ 12,651.00 | 8356 | 6.9000% | 1 | 30 | $462.97 | Trustee | 30 | $13,889.16 |
| I.A. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| I.A. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| I.A. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| I.A. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| I.A. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| I.B. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| I.B. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| I.B. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| I.B. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| II.A. | Home (Mortgage) | Green Tree Servicing, LLC | $ 42,214.66 | 6261 | 7.0000% | 1 | 60 | $378.71 | Debtor | 60 | $0.00 |
| II.B. | Home (Mortgage) | Green Tree Servicing, LLC | $ - | 6261 | 0.0000% | 10 | 55 | $0.00 | Trustee | 46 | $0.00 |
| II.B. | Home (Mortgage) | Green Tree Servicing, LLC | $ - | 6261 | 0.0000% | 10 | 55 | $0.00 | Trustee | 46 | $0.00 |
| II.A. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| II.B. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| II.A. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| II.B. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| II.A. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| II.B. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| III.A. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| III.B. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| III.C. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| II.D. | N/A | | | | | | | $0.00 | Trustee | 1 | $0.00 |
| IV.A. | Attorney Fees | Jeff P. Herrick, Attorney | | | | | | | Trustee | | $2,474.00 |
| IV.B. | Priority Taxes | Internal Revenue Service | | | | | | | Trustee | | $400.00 |
| IV.B. | Priority Taxes | Oklahoma Tax Commission | | | | | | | Trustee | | $400.00 |
| IV.B. | N/A | | | | | | | | Trustee | | $0.00 |
| IV.B. | N/A | | | | | | | | Trustee | | $0.00 |
| IV.B. | N/A | | | | | | | | Trustee | | $0.00 |
| Total | | | | | | | | | | | $17,163.16 |

| | Applicable Commitment Period | | Plan Term | Beg | End | Mo Pmt | Paid By Trustee/Debtor | # Mos | Amt. Paid |
|---|---|---|---|---|---|---|---|---|---|
| Class V Executory Contracts: | 60 | | 60 | 1 | 60 | $580.00 | Debtor | 60 | $34,800.00 |
| | | | | | | | Debtor | 1 | $0.00 |
| | | | | | | | Debtor | 1 | $0.00 |
| | | | | | | | Debtor | 1 | $0.00 |

There are no executory contracts.

| | |
|---|---|
| TOTAL AMOUNT PAID INTO PLAN | $34,800.00 |
| Trustee Fee (10%) | $3,480.00 |
| Total paid to Class I, II, III, IV.A and IV.B. creditors above | $17,163.16 |
| Amount to be paid to Class IV.C. Unsecured Claims: | $13,562.40 |
| Amount by which plan is not feasible (If positive then plan is feasible). | $594.44 |

*If amount paid to Class IV.C. claims (non-priority unsecured creditors) is zero then actual percent is zero.

**ABOVE MEDIAN DISPOSABLE INCOME CALCULATION:**

| | |
|---|---|
| Monthly Net Disposable Income: (Form 22C, L. 59) | $226.04 |
| Disposable Income to Unsecured Creditors Amount (DITUC): | $13,562.40 |
| | |
| Amount available to all Creditors under Chapter 7: | $0.00 |
| Total Priority Claims: | $800.00 |
| Chapter 7 Test Amount: | $0.00 |
| | |
| Greater of Below Median DITUC or Chapter 7 Test Amount: | $0.00 |
| Greater of Above Median DITUC or Chapter 7 Test Amount: | $13,562.40 |
| | |
| Amount Debtor Proposes to Pay to Class IV.C. Claims: | $0.00 |
| (Must be more than Greater of DITUC or CH 7 Test) | $0.00 |
| | |
| Amount to Class IV.C. Claims: | $13,562.40 |

**Estimated Payment to Unsecured Creditors:**

| | |
|---|---|
| Class IV.C. Claims per Sch. F | $47,116 |
| Claims Relegated to Class IV.C. | $0 |
| Total Class IV.C. (Non-Priority Unsecured) Claims | $47,116 |
| Required Amount to Class IV.C. Claims | $13,562.40 |
| Estimated Percentage to Class IV.C. Claims: | 28.78% |

**BELOW MEDIAN DISPOSABLE INCOME CALCULATION:**

| | |
|---|---|
| Amount paid in months 1 to 36 by Debtor: | $20,880.00 |
| Less Trustee Fee: | $2,088.00 |
| Less payments to Creditors: | $17,163.16 |
| Net to Class IV.C. Claims: | $1,628.84 |

| Class | Desc. of Collateral | Creditor | Location |
|---|---|---|---|
| I.C. | N/A | | |
| I.C. | N/A | | |
| I.C. | N/A | | |
| I.C. | N/A | | |
| I.C. | N/A | | |

The Debtor(s) shall make the following loan repayments to qualified plans and/or direct payments on domestic support obligations.

| Monthly Payment | Creditor |
|---|---|
| N/A | |
| N/A | |
| N/A | |
| N/A | |
| N/A | |

Comments:

As attorney for the Debtor(s) by filing this Summary of Plan I attest that I have reviewed the Summary of Plan and the claims filed to the date stated above and have provided for said claims.